IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MORRIS SCHNEIDER WITTSTADT, LLC,**
**and LANDCASTLE ACQUISITION CORP.**                                   **PLAINTIFFS**

**v.**                                                   **CAUSE NO. 1:15CV403-LG-RHW**

**BEAU RIVAGE RESORTS, INC. and**
**FICTITIOUS DEFENDANTS 1-20**                                   **DEFENDANTS**

MEMORANDUM OPINION AND ORDER
DENYING BEAU RIVAGE'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [6] filed by the defendant

Beau Rivage Resorts, Inc., pursuant to Fed. R. Civ. P. 12(b)(6).  The Motion has

been fully briefed by the parties.  After reviewing the submissions of the parties, the

record in this matter, and the applicable law, the Court finds that the Motion to

Dismiss should be denied.

BACKGROUND

In their Complaint, Morris Schneider Wittstadt, LLC, and Landcastle

Acquisition Corp., allege that Nathan E. Hardwick, IV, a former partner of the

Morris Schneider law firm, wired over $1.5 million dollars from the firm's Interest

On Lawyer's Trust Account (IOLTA) to Beau Rivage's cage depository account.  The

plaintiffs state that these wire transfers were not authorized by the law firm, and

that Hardwick, a frequent gambler at the Beau Rivage, embezzled the funds.

The plaintiffs allege:

> The Beau Rivage knew or should have known that the wire transfers
> from the Firm's IOLTA account were improper and unauthorized.
> Despite this knowledge, the Beau Rivage participated and facilitated
> Hardwick's embezzlement by accepting embezzled funds into its cage

depository account, by delivering funds to Hardwick, and/or by retaining embezzled funds.

(Compl. at 4, ECF No. 1).  Morris Schneider and Landcastle[1] have attempted to assert the following claims against Beau Rivage: conversion, unjust enrichment, constructive trust, and money had and received.  Beau Rivage has filed a Motion to Dismiss all of the claims pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.'"  *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## I.  CHOICE OF LAW

Beau Rivage argues that Mississippi law should be applied in this lawsuit.  Landcastle and Morris Schneider claim that Georgia law should be applied.

"A federal court sitting in diversity follows the choice of law rules of the state

_____

[1] Landcastle's relationship to the other parties in this case is unclear from the Complaint.

-2-

in which it sits." *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249

(5th Cir. 2014).  Therefore, this Court must apply Mississippi's choice of law rules.

### A.  THE PLAINTIFFS' CONVERSION CLAIM

Since the plaintiffs' conversion claim is a tort claim, Mississippi courts apply

the"most significant relationship test" set forth in the Restatement (Second) of

Conflicts of Law, which provides:

> (1) The rights and liabilities of the parties with respect to an issue in
> tort are determined by the local law of the state which, with respect to
> that issue, has the most significant relationship to the occurrence and
> the parties . . . .
> (2) Contacts to be taken into account in applying the principles . . . to
> determine the law applicable to an issue include:
> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicile, residence, nationality, place of incorporation and place
> of business of the parties, and
> (d) the place where the relationship, if any, between the parties is
> centered.

*Hancock v. Watson*, 962 So. 2d 627, 630 (Miss. Ct. App. 2007) (quoting Restatement

(Second) of Conflicts of Law § 145 (2003)).

In the present case, the parties agree that the injury occurred in Georgia.

Morris Schneider is a limited liability company, and its sole member is a Georgia

corporation with its principal place of business in Georgia.  Landcastle is a

Delaware company with its principal place of business in Florida.  Beau Rivage is a

Mississippi corporation with its principal place of business in Mississippi.  The

parties agree that the fourth element – "the place where the relationship, if any,

between the parties is centered" – is irrelevant here.  Thus, the parties only dispute

whether "the conduct causing the injury occurred" in Mississippi or Georgia. Beau Rivage correctly notes that the conduct that is at issue in the present lawsuit – the alleged conversion committed by Beau Rivage – occurred in Mississippi. As a result, the Court finds that Mississippi has the most substantial contacts with the parties and the plaintiffs' conversion claim.

### B. THE PLAINTIFFS' EQUITY CLAIMS

The parties agree that the Court should apply the most significant relationship test set forth in section 221 of the Restatement (Second) of Conflict of Laws to determine the proper choice of law to apply to the plaintiffs' equity claims. This section of the Restatement provides:

> (1) In actions for restitution, the rights and liabilities of the parties with respect to the particular issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties . . . .
> (2) Contacts to be taken into account . . . to determine the law applicable to an issue include:
> (a) the place where a relationship between the parties was centered, provided that the receipt of enrichment was substantially related to the relationship,
> (b) the place where the benefit or enrichment was received,
> (c) the place where the act conferring the benefit or enrichment was done,
> (d) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> (e) the place where a physical thing, such as land or a chattel, which was substantially related to the enrichment, was situated at the time of the enrichment.
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 221. The place where the benefit or enrichment was received is usually the most important contact in situations where

-4-

the claim to restitution does not stem from the relationship between the parties. Restatement (Second) of Conflict of Laws § 221 cmt. d.

Once again, the relationship factor is not applicable here.  Therefore, the place where the benefit or enrichment was received – Mississippi, the location of Beau Rivage – is the most important factor.  The place where the act conferring the benefit or enrichment was done was Georgia.  The domicile of the parties is neutral as discussed above.  It is questionable whether the funds at issue could be considered a "physical thing," since the funds were wired electronically to Beau Rivage's account.  Nevertheless, to the extent this factor is applicable, the alleged enrichment occurred when the funds were located in Beau Rivage's possession, in Mississippi.  As a result, the Court finds that Mississippi has the most significant relationship with the parties and the plaintiffs' equity claims.

## II.  BEAU RIVAGE'S MOTION TO DISMISS

### A.  CONVERSION

Beau Rivage first argues that the plaintiffs have not stated a claim for conversion, because money is an intangible asset that, under most circumstances, is not subject to conversion.  The Mississippi state courts have not directly addressed this issue, but the Mississippi federal courts have stated that money and other intangible assets cannot be converted under Mississippi law unless the funds or other property can be specifically identified.  *See Fid. & Guar. Life Ins. Co. v. Williams*, No. 1:06cv959-LG-RHW, 2008 WL 336605, at *5 (S.D. Miss. Feb. 1, 2008) ("A cause of action exists for conversion of money only when money is earmarked or

otherwise identifiable, such as enclosed in a container like a bag or chest.");
*Worldwide Forest Prods. v. Winston Holding Co.*, No. 96-CV-176-A, 1999 WL
33537093, at *15 (N.D. Miss. Jan. 13, 1999) (dismissing a conversion claim
concerning money where the funds at issue were not specific and identifiable).  In
*Blades v. Countrywide Home Loans, Inc.*, this Court held that funds set aside for a
specific use, such as in an escrow account, can be the subject of a conversion claim.
*Blades v. Countrywide Home Loans, Inc.*, No. 1:06cv1000-LG-JMR, 2007 WL
2746678, at *4 (S.D. Miss. Sept. 18, 2007).  In the present case, the Court finds that
the plaintiffs have stated a conversion claim under Mississippi law, because the
funds at issue were set aside for a specific purpose in an IOLTA account.

Beau Rivage also argues that the plaintiffs' conversion claim should be
dismissed, because they have not alleged any positive, tortious conduct on the part
of Beau Rivage.  The Mississippi Supreme Court has held that "the acts alleged to
constitute a conversion must be positive and tortious."  *Wilson v. Gen. Motors
Acceptance Corp.*, 883 So. 2d 56, 69 (¶52) (Miss. 2004).  To establish the tort of
conversion, "there must be proof of a wrongful possession, or the exercise of a
dominion in exclusion or defiance of the owner's right, or of an unauthorized and
injurious use, or of a wrongful detention after demand."  *Id.*  The court further
explained that proof of "intent to exercise dominion or control over goods which is
inconsistent with the true owner's right" is required to demonstrate conversion, but
the intent "need not be the intent to be a wrongdoer."  *Id.*

> The intent required is not necessarily a matter of conscious wrongdoing. It is rather an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights. A purchase of stolen goods or an auctioneer who sells them in the utmost good faith becomes a converter, since the auctioneer's acts are an interference with the control of the property. A mistake of law is no defense.

*Wallace v. United Miss. Bank*, 726 So. 2d 578, 589 (¶40) (Miss. 1998).

In their Complaint, the plaintiffs allege that all of the wire transfers accepted by Beau Rivage "clearly reflected that each transfer originated from an IOLTA trust account." (Compl. at 4, ECF No. 1). The plaintiffs also claim that, "at the time Beau Rivage accepted these funds, Beau Rivage was aware of Hardwick's extensive gambling history and that the wire transfers over the course of less than one calendar year greatly exceeded the amounts of Hardwick's prior gambling patterns." (*Id.*) Prior to accepting over $1.5 million in wire transfers from the IOLTA account, Beau Rivage had canceled Hardwick's credit line, because he had difficulty paying his casino debts. (*Id.*)

Since good faith is not a defense to a conversion claim under Mississippi law and since the plaintiffs have alleged that the origin of the funds was clearly marked on the wire transfers, the Court finds that the plaintiffs have stated a conversion claim.

## B. CONSTRUCTIVE TRUST

The Mississippi Supreme Court has held:

> A constructive trust is one that arises by operation of law against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission or wrong, or by any form of unconscionable conduct,

> artifice, concealment, or questionable means, or who in any way
> against equity and good conscience, either has obtained or holds the
> legal right to property which he ought not, in equity and good
> conscience, hold and enjoy.

*Joel v. Joel*, 43 So. 3d 424, 431 (¶23) (Miss. 2010).  Beau Rivage argues that the plaintiffs have not asserted a claim for constructive trust, because there was no confidential relationship between Beau Rivage and the plaintiffs.  However, the Mississippi Supreme Court has held that proof of a confidential relationship is not always required to state a constructive trust claim.  *Joel*, 43 So. 3d at 431 (¶24-25).

Beau Rivage also argues that the constructive trust claim should be dismissed, because the plaintiffs have not alleged any fraudulent or unconscionable conduct on the part of Beau Rivage.  The Mississippi Supreme Court has clarified that there are many types of conduct that can justify creation of a constructive trust, including fraud, duress, breach of a confidential relationship, concealment, or artifice, but this list of conduct is disjunctive in nature.  *Joel*, 43 So. 2d at 431 (¶24). Therefore, a constructive trust can be created against one "who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy."  *Id.*  As a result, it is not necessary for the plaintiffs to allege fraudulent or unconscionable conduct to state a claim for constructive trust, and the allegations contained in the Complaint state a plausible claim.

### C.  MONEY HAD AND RECEIVED

Under Mississippi law, a money had and received claim is "a form of the

equitable claim of unjust enrichment." *1704 21st Ave., Ltd. v. City of Gulfport*, 988 So. 2d 412, 416 (¶11) (Miss. Ct. App. 2008).  Thus, "[m]oney had and received is in quasi-contract; that is, there is a contract implied in law." *Id.*  "The ground on which recovery is allowed is that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense of the party who paid the money to him by retaining it, but in equity and good conscience should refund it." *Id.*  "In order that this rule may apply, the party to whom the payment mistake was made must be left in the same situation after he refunds it as he would have been left had the payment to him not been made.  *Id.* at 416 (¶ 10).

Beau Rivage first argues that the plaintiffs' money had and received claim should be dismissed because the plaintiffs have not alleged the existence of an implied contract.  It also argues that the plaintiffs' claim must fail, because Beau Rivage did not receive the money as a result of a mistake.  Finally, it claims that the plaintiffs have not stated a claim, because Beau Rivage would not be left in the same position after refunding the money to the plaintiffs.  It claims that it gave fair consideration to Hardwick in exchange for those funds.

As for Beau Rivage's first and second arguments, the Mississippi Supreme Court has held "[i]n an action for money had and received, the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff." *Dorsey Miss. Sales, Inc. v. Newell*, 168 So. 2d 645, 651 (Miss. 1964).  Thus, a contract is implied in law where one party is in possession of money that "in equity and good conscience" should be returned to its

proper owner.  Furthermore, the Mississippi courts have never specifically held that mistake is a requirement for such a claim; rather, the courts have indicated that negligence or mistake on the part of the proper owner of the funds does not foreclose a claim for money had and received.  Finally, the Court cannot hold at this preliminary stage of the litigation that Beau Rivage would be placed in a worse position if it were required to return the funds.  The Court cannot dismiss the claim on the basis of an unsupported assumption that Hardwick spent all of the money that was placed in Beau Rivage's possession.  As a result, the Court finds that the plaintiffs have stated a plausible claim for money had and received.

### D.  UNJUST ENRICHMENT

Beau Rivage argues that the unjust enrichment claim should be dismissed if all of the other claims are dismissed, because it claims that an unjust enrichment claim cannot stand alone.  Since this Court have found that the other claims should not be dismissed, it is not necessary to address this argument at this time.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [6] filed by the defendant Beau Rivage Resorts, Inc., pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

-10-